UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY KENNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CV-0045-CVE-PJC |
| ) | |
| BOARD OF REVIEW OKLAHOMA ) | |
| SECURITY COMMISSION, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court are plaintiff's complaint (Dkt. # 1) and Motion for Leave to Proceed In Forma Pauperis (Dkt. # 2). Plaintiff's motion for leave to proceed in forma pauperis is accompanied by an affidavit stating that plaintiff lacks sufficient funds to pay the filing fee, but plaintiff did not sign the affidavit before a notary public. Therefore, plaintiff's motion to proceed in forma pauperis is defective, and it should be denied.

The Court has reviewed plaintiff's complaint, and it appears that he is challenging the Oklahoma Employment Security Commission's decision to deny his claim for unemployment benefits. However, the complaint does not cite any basis for federal subject matter jurisdiction. The Court will consider the issue of subject matter jurisdiction sua sponte, because the Court has a duty to consider this issue whenever it appears that subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir.

1991). Plaintiff has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

In this case, plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally when considering the allegations of his complaint. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). Plaintiff's complaint does not allege any basis for federal subject matter jurisdiction and, regardless of plaintiff's pro se status, the Court can not permit plaintiff to proceed with the lawsuit if the Court lacks subject matter jurisdiction over his claims. Plaintiff has not alleged that the parties are diverse or that the amount in controversy exceeds $75,000, and there is no possibility that the Court could exercise diversity jurisdiction under 28 U.S.C. § 1332(a). The Court has also considered whether the complaint states any basis for it to exercise federal question jurisdiction over plaintiff's claims under 28 U.S.C. § 1331. Plaintiff is seeking unemployment benefits from the State of Oklahoma, but this is a matter arising under state law. See OKLA. STAT.

tit. 40, § 1-101 et seq.; Hampton v. Gwen, 2005 WL 3088342 (E.D. Mich. Nov. 17, 2005) (sua sponte dismissing pro se complaint seeking unemployment benefits under a state welfare benefits program for lack of subject matter jurisdiction). Broadly construing the allegations of plaintiff's complaint, the Court finds the complaint does not present a federal question nor has plaintiff invoked any other basis for federal subject matter jurisdiction. Pursuant to Fed. R. Civ. P. 12(h)(3), plaintiff's case should be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. # 2) is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's case is **dismissed** for lack of subject matter jurisdiction. A separate judgment of dismissal is entered herewith.

**DATED** this 24th day of January, 2008.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT